IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:                                                                              CASE NUMBER 08-20567-C-13

**Charles Garza**
**Sherri Garza**
     **DEBTOR(S)/MOVANT**
vs.

**Southwestern & Pacific Specialty Finance, Inc.**
 **d/b/a Check 'N Go**
     **RESPONDANT**                                       **CHAPTER 13**

**DEBTOR'S MOTION FOR CONTEMPT AND SANCTIONS**
**FOR VIOLATION OF THE AUTOMATIC STAY**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO SOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW, Charles Garza and Sherri Garza , Debtor(s) in the above-captioned case by and through the Malaise Law Firm, attorney for Debtor(s), and respectfully moves for an Order Sanctioning Southwestern & Pacific Specialty Finance, Inc., d/b/a Check 'N Go for violations of the automatic stay, and in support of, would show the Court the following:

1.      Southwestern & Pacific Specialty Finance, Inc., d/b/a Check 'N Go, is the credit services organization ("CSO") and the servicer identified on a promissory note dated September 27, 2008, executed by Sherri Huth Garza and NCP Finance Limited Partnership, and may be served at Check 'n Go, 10309 S Padre Island Dr., Corpus Christi, TX 78418 (361) 937-2200.

2.      Southwestern & Pacific Specialty Finance, Inc., d/b/a Check 'N Go, (hereinafter "Check 'N Go") is registered with the Texas Comptroller of Public Accounts under Taxpayer Number 12027982540, address 7755 Montgomery Rd., Ste. 400, Cincinnati, OH 45236-4197, naming as it's Registered Agent for service of process C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

3. Check 'n Go originates and services high interest "pay-day loans" at 10309 S Padre Island Dr., Corpus Christi, TX 78418, and is the agent/representative for NCP Finance Limited Partnership (hereinafter "Lender"), the lender on the loan on which Debtor complains in this action.

4. This Motion seeks sanctions and damages based upon the conduct of Check 'N Go in collecting on a debt based upon a Promissory Note executed September 27, 2008, between Sherri Huth Garza, borrower, and NCP Finance Limited Partnership.

5. This case was commenced by the filing of a voluntary petition on October 6, 2008, imposing an automatic stay, "applicable to all entities, of -- " [among other things]

> " any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;" 11 U.S.C. 362 (a)(6)

6. Prior to the actions of Check 'N Go on which this motion is founded, notice reasonably calculated to appraise Check 'N Go of Debtor's bankruptcy case was provided to Check 'N Go as follows:

> a. On October 6, 2008, Debtor's case was filed on an emergency basis with limited creditors receiving notice. This Creditor did not receive notice on the date of filing.
>
> b. On October 10. Sherri Garza notified lender's agent, Check 'N Go, in Flour Bluff, Texas, that she had filed a Chapter 13 Bankruptcy. She provided them with the name and phone number of her attorney for their records.
>
> c. At 11:18 on October 23, 2008, the agent/representatives of Lender at Check 'N Go in Flour Bluff, Texas called Mr. Garza's cell phone about the loan and Sherri's husband informed them of their Chapter 13 Bankruptcy again. They reviewed their records and indicated that it showed up in their notes on the account.
>
> d. At 12:01 PM on November 5, 2008, a facsimile transmission delivered an official Notice of Bankruptcy to the agent/representatives of Lender at Check 'N Go in Flour Bluff, Texas.
>
> e On November 18, 2008, personnel from the agent/representatives of Lender at Check 'N Go, in Flour Bluff, Texas, called Mr. Garza's cell phone about the loan and he again informed them about the Chapter 13 filing.
>
> f. On November 26, 2008, a full set of all schedules was filed with the Court and at that time a notice of filing was mailed to NCP Finance Limited Partnership, a lender operating in Corpus Christi, Texas, at two addresses, 1) NCP Finance, 10309 SPID, Corpus Christi, Texas, and 2) NCP Finance Limited Partnership, 100 East Thrid Street, 5th Floor, Dayton, OH 45402-2130.

      g.     On December 26, 2008, a mailing of the Chapter 13 Notice of Bankruptcy, Notice of 341 meeting, Notice of the claims bar date, and notice of confirmation hearing date provided mail notice of the Chapter 13 filing to NCP Finance Limited Partnership at 100 East Third Street, 5th Floor, Dayton, OH 45402, and to NCP Finance at 10309 SPID, Corpus Christi, TX  78418-4407.

7.     Check 'N Go as agent/representatives of Lender was provided notice  by voice, by facsimile transmission with confirmed transaction report, by mail from the Malaise Law Firm, and by mail from the federal mail service center multiple times as declared under penalty of perjury by Joseph Speetjens, on the certificate of service.

8.     Nevertheless, despite repeated verbal, electronic, and mail notice in compliance with federal rules of civil procedure and the rules of bankruptcy procedure, "Lender," and "Lender's agent/representatives, failed to identify the account and segregate it from their customary collection practices; consequently, Check 'N Go continued to attempt to collect on the debt in violation of 11 U.S.C 362 in the following ways:

      a.     After "Lender" was notified of the October 6, 2008 filing, and provided the representing attorney's name and phone number,  on October 10, 2008, a collection phone call was placed to debtor's phone by Check 'N Go on October 23, 2008.

      b.     Check 'N Go placed a collection phone call to Debtor at 11:18 AM on October 23, 2008.

      c.     Check 'N Go placed a collection phone call to Debtor  at 3:03 PM on November 18, 2008.

      d.     Check 'N Go, on December 22, 2008, automatically debited Debtor's Frost Bank Account three times in the amount of $345 each for a total withdrawal if $1,035.

      e.     Check 'N Go, on January 5, 2009, automatically debited Debtor's Frost Bank Account in the amount of $722.99.

9.     Check 'N Go failed or refused to stop collections on this account after notice of bankruptcy, failed or refused to notify "Lender" that the account was in bankruptcy, failed to segregate this account from it's normal collections accounts, failed or refused to implement procedures and  train its personnel on how to treat accounts subject to bankruptcy treatment, and/or failed or refused to supervise it's employees to assure that they conformed to company policies if such policies were in place for accounts subject to treatment in bankruptcy.

10.     After notice of bankruptcy, intentional acts to collect a debt in a manner that violates the automatic stay constitute willful violations of the automatic stay.  Based on the foregoing acts, Debtor urges that Check 'N Go has willfully violated the automatic stay in this case, and is subject to sanctions for each act in violation of the automatic stay.

11.     Debtor has suffered damages directly resulting from Lender" and "Lender's" servicer's continued acts to collect on pre-petition debts after they had properly received multiple notices of this bankruptcy proceeding. Debtor has suffered distress from worrying about money being taken from their accounts, duress from continued calls and harassment after repeatedly reminding them of her filing, frustration, anger, embarrassment, and resentment; Debtor has suffered from migraine headaches and lost sleep from worrying that they would not be able to meet their living expenses; Debtor has been additionally damaged from time lost from work, the cost of legal proceedings, the cost of copying records and reviewing documents, and time lost from work when required to visit with their attorney on this matter.

WHEREFORE, PREMISES CONSIDERED, Debtor(s) respectfully request that this Court enter an Order finding Check 'N Go in contempt of this court's Stay, and sanction them accordingly for willful violations of the Automatic Stay of 11 U.S.C. 362.

> Respectfully submitted,
> MALAISE. LAW FIRM

_____                    /s/ Pat B. Fossett_____
Date                             J. Todd Malaise / Pat Fossett,
                                 Bar No.00796984/ 24004652
                                 606 N. Carancahua, Suite 1100
                                 Corpus Christi, Tx. 78476
                                 Telephone (361) 884-7400
                                 Fax (361) 882-3299
                                 Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE: CASE NUMBER 08-20567-C-13

**Charles Garza**
**Sherri Garza**
     DEBTOR(S)/MOVANT
vs.

**Southwestern & Pacific Specialty Finance, Inc.**
 **d/b/a Check 'N Go**
     RESPONDANT                                        CHAPTER 13

CERTIFICATE OF SERVICE

This is to certify that on this the 7th day of April, 2009, a true and correct copy of the foregoing motion was served via US Mail, postage prepaid to the following parties:

Trustee:
Cindy Boudloche Chapter 13 Trustee
555 N. Carancahua, Ste. 600
Corpus Christi, TX 78475

United States Trustee
515 Rusk, Ste. 3516
Houston, Texas 77002

United States Trustee
606 N. Carancahua, Ste 1107
Corpus Chrsiti, TX  78476

Debtor:
Charles Garza and Sherri Garza
7001 Fruitwood
Corpus Christi, TX 78413

Creditor:
Southwestern & Pacific Specialty Finance, Inc.
d/b/a Check 'N Go
10309 S Padre Island Dr.
Corpus Christi, TX 78418

Southwestern & Pacific Specialty Finance, Inc.,
d/b/a Check 'N Go
7755 Montgomery Rd., Ste. 400
Cincinnati, OH 45236-4197

Southwestern & Pacific Specialty Finance, Inc.,
d/b/a Check 'N Go
by Registered Agent  C T Corporation System
350 North St. Paul St.
Dallas, TX  75201.


MALAISE LAW FIRM

_____  
Date

/s/ Pat B. Fossett  
J. Todd Malaise / Pat Fossett,  
Bar No.00796984/ 24004652  
606 N. Carancahua, Suite 1100  
Corpus Christi, Tx. 78476  
Telephone (361) 884-7400  
Fax (361) 882-3299  
Attorney for Debtor